IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MUSTAFA A. WHITFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 06-512-GMS |
| | ) | |
| GLEN HOWELL, MAUREEN WHELAN, | ) | |
| and DELAWARE DEPARTMENT OF | ) | |
| EDUCATION, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM**

The plaintiff Mustafa A. Whitfield ("Whitfield"), a prisoner incarcerated at the Delaware

Correctional Center, filed this lawsuit pursuant to 42 U.S.C. § 1983.  He appears *pro se* and  was

granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  (D.I. 4.)  The court

now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

For the reasons discussed below, the complaint is dismissed for failure to state a claim upon

which relief may be granted and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and §

1915A(b)(1).

**I.    THE COMPLAINT**

Whitfield  alleges that he was enrolled in an Individualized Education Program ("IEP")

for special education services and was told he would receive a certain number of hours of

tutoring per week.  Whitfield alleges that he did not receive the tutoring and after he complained

his IEP was revised.  Whitfield alleges he was told that he did not receive personal tutoring

because there were insufficient numbers of teachers.  He was asked to again revise his IEP, and it

was changed even though Whitfield did not agree to it.  Whitfield alleges he "never received 1

minute of one-on-one help."  He complained to the Delaware Department of Education and it

conducted an investigation and issued a report.  Whitfield alleges the report contains incorrect

information.  Whitfield seeks compensatory damages to purchase books, for deprivation of an

education, and for violation of his IEP rights.

## II.    STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal

under certain circumstances.  When a prisoner seeks redress from a government defendant in a

civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court.  Both 28

U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any

time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted,

or seeks monetary relief from a defendant immune from such relief.

*Pro se* complaints are liberally construed in favor of the plaintiff.  *Haines v. Kerner*, 404

U.S. 519, 520-521 (1972).  The court must "accept as true factual allegations in the complaint

and all reasonable inferences that can be drawn therefrom."  *Nami v. Fauver*, 82 F.3d 63, 65 (3d

Cir. 1996)(citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)).  An action is

frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S.

319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of

serious consideration, or trivial." *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995).

Additionally, a *pro se* complaint can only be dismissed for failure to state a claim when "it

appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which

would entitle him to relief.'"  *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)(quoting *Conley v.

Gibson*, 355 U.S. 41, 45-46 (1957)).

2

## III.    ANALYSIS

Whitfield alleges the defendants deprived him of an education.  When bringing a § 1983

claim, a plaintiff must allege that some person has deprived him of a federal right, and that the

person who caused the deprivation acted under color of state law.  *West v. Atkins,* 487 U.S. 42,

48 (1988).  Unfortunately for Whitfield, prisoners have no constitutional right to an education.

*Canterino v. Wilson*, 869 F.2d 948, 952-54 (6th Cir. 1989);  *Risso v. Dawson*, 778 F.2d 527, 530-

31 (9th Cir. 1985); *Garza v. Miller*, 688 F.2d 480, 486 (7th Cir. 1982); *Longendorfer v. Roth*, No.

92-2180, 1992 WL 95919, at *1 (E.D.Pa. April 23, 1992).  The claims as currently presented,

lack an arguable basis in law or in fact and must, therefore, be denied pursuant to 28 U.S.C. §

1915(e)(2)(B) and § 1915A(b)(1).

## IV.    CONCLUSION

Based upon the foregoing analysis, the complaint is dismissed without prejudice  pursuant

to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) for failure to state a claim upon which relief

may be granted.  Amendment of the complaint would be futile.  *See Grayson v. Mayview State*

*Hosp.,* 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d.

Cir. 1976).  An appropriate order will be entered.

UNITED STATES DISTRICT JUDGE

November 13, 2006
Wilmington, Delaware

3

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MUSTAFA A. WHITFIELD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-512-GMS |
| | ) |
| GLEN HOWELL, MAUREEN WHELAN, | ) |
| and DELAWARE DEPARTMENT OF | ) |
| EDUCATION, | ) |
| | ) |
| Defendants. | ) |

## ORDER

At Wilmington this 13th day of November, 2006, for the reasons set forth in the

Memorandum issued this date, the complaint is DISMISSED without prejudice pursuant to 28

U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) as legally frivolous.  Amendment of the complaint

would be futile.

_____
UNITED STATES DISTRICT JUDGE

**FILED**

NOV 1 5 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE